Filed 9/21/15  In re L.V. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re L.V., a Person Coming Under the Juvenile Court Law. | C077199 |
| THE PEOPLE, | (Super. Ct. No. JV135094) |
| Plaintiff and Respondent, | |
| v. | |
| L.V., | |
| Defendant and Appellant. | |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *In re Kevin S.* (2003) 113 Cal.App.4th 97, 99.  Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

## FACTUAL AND PROCEDURAL HISTORY

In May 2013, the prosecution filed a juvenile wardship petition (Welf. & Inst. Code, § 602, subd. (a)) as to the 12-year-old minor, charging him with making criminal threats (count 1; Pen. Code, § 422)[1]; assault by means of force likely to produce great bodily injury (count 2; § 245, subd. (a)(4)); lewd and lascivious act upon a child under 14 (count 3; § 288, subd. (a)); possession of marijuana for sale (count 4; Health & Saf. Code, § 11359); and possession of marijuana on school grounds (count 5; Health & Saf. Code, § 11357, subd. (e)).

In October 2013, the minor admitted committing felony sexual battery (§ 243.4, subd. (a)), a reasonably related offense to the charge in count 3, on the understanding that counts 1, 2, 4, and 5 would be dismissed in the interest of justice at the time of disposition. Counsel stipulated, and the juvenile court found, that section 26 was satisfied. The stipulated factual basis for the minor's admission was that on or about May 2, 2013, while school was in session, the minor threatened the victim after he had tried to sell her marijuana; during the ensuing physical struggle, the minor wrapped his arms around the victim's body, rubbed his hands down her body, and squeezed her breast.

In January 2014, the juvenile court adjudged the minor a ward of the court and committed him to 29 days in juvenile hall, 139 days on electronic monitoring, and 14 days on home supervision; however, the minor received full credit for time served as to all three. The court placed the minor on probation with various conditions, including 35 hours of juvenile community service to be completed within seven months.

In June 2014, the prosecution filed a second amended juvenile wardship petition, accusing the minor of robbery of Tyson E. (count 1; § 211); assault with a deadly

---

[1] Undesignated statutory references are to the Penal Code in effect at the time of the offenses upon which the petition was based.

weapon, a knife, upon Tyson E. (count 2; § 245, subd. (a)(1)); and robbery of Talia A. (count 3; § 211).  The petition alleged as to count 1 that the minor personally used a deadly and dangerous weapon (a knife) (§ 12022, subd. (b)), and as to all counts that they were serious felonies (§ 1192.7, subd. (c)).

After a contested jurisdiction hearing, the juvenile court found counts 1 and 3 true and sustained the petition as to those counts.  The court dismissed count 2 and the personal-use allegation as to count 1.  The court found by clear and convincing evidence that the minor knew the wrongfulness of his conduct.

The evidence at the jurisdiction hearing regarding the robberies showed that around 10:30 p.m. on May 21, 2014, as the victims were in East Portal Park in Sacramento, they saw two young males walking toward them; Tyson E. felt nervous, but Talia A. was comfortable because she knew the area.  After they left the park and went to Tyson E.'s car, the two young males came running toward them, yelling things like, "I'm going to kick your ass.  Give me your shit.  Empty your pockets.  Give me your purse." Talia A. did not give up her purse, but handed over $10.  Tyson E. handed over his wallet and his iPhone.  The young males kept trying to intimidate the victims, saying they would "fuck [them] up."  After they had obtained the victims' property, the young males ran off toward the park.  The victims walked to a nearby bar and called the police, who apprehended the suspects later that night.  At an infield show-up, the victims identified the minor and co-minor J. A. as the robbers.  The police recovered the property stolen from Tyson E., which had been discarded near the crime scene.  In testifying, Tyson E. could not be sure whether the suspect who took his wallet and iPhone flashed a knife or gun, or whether it was a phone that the suspect brandished as if it were a weapon.

The juvenile court continued the minor as a ward of the juvenile court and granted probation.  The court ordered him to serve 100 days in juvenile hall, with credit for time served of 89 days, followed by 30 days on electronic monitoring.  The court vacated its prior community service order and made a new order of 63 hours of community service

3

to be completed within nine months.  The court imposed a $100 restitution fine, jointly and severally payable by the minor and his parent (Welf. & Inst. Code, § 730.7, subd. (a)), added to the existing $100 restitution fine of $100.  The court also imposed a $10 victim restitution fine as to Talia A., jointly and severally payable by the minor and co-minor J. A., and imposed no restitution fine as to Tyson E. but retained jurisdiction to amend the restitution order upon receipt of further evidence of loss.  The court also imposed various conditions of probation.

## *WENDE/KEVIN S.* **REVIEW**

We appointed counsel to represent the minor on appeal.  Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende*, *supra*, 25 Cal.3d 436; *In re Kevin S.*, *supra*, 113 Cal.App.4th 97.)  The minor was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from the minor.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to the minor.

## **DISPOSITION**

The judgment is affirmed.


                                                        MURRAY          , J.

We concur:



      BLEASE          , Acting P. J.



      ROBIE          , J.


4